ON REHEARING
Before BOUTALL, SCHOTT and BARRY, JJ.
BOUTALL, Judge.
Upon the application of both parties for a clarification of the judgment and for a rehearing, we granted rehearing and we now reinstate our original judgment.
In that judgment we affirmed that portion of the summary judgment appealed “insofar as it may declare that the property is not susceptible of division in kind and orders partition by licitation.” Both parties inquire whether “orders partition by licitation” means that the partition should proceed. We admit that these words have caused some confusion, but it was not our intention to hold that the partition should proceed to completion. We simply noted that there was no factual issue raised as to the indivisibility of the property (a house located on a city approximately 48 feet by 130 feet) and thus the property was subject to partition by licitation rather than in kind. To remove any doubt, we now hold that there can be no partition sale until further proceedings may be had.
We are led to this conclusion because we do not believe a fair appraisal and sale of this property at public auction can take place until there is a resolution of the problems posed by the contested agreement. This matter comes before us on appeal from a summary judgment. We pointed out that there was a contested issue of fact of ownership. What is of most importance here, however, is that we are not able to determine the effect that the contested agreement will have upon the salability of the property.
We point out that the agreement is not complete of itself. It begins: “I Harry P. Gamble, Jr. agree to and do hereby make said ‘ “Letter of Intent” ’ dated July 9, 1974 legally binding upon myself and my estate, except that Rose C. Gamble and our son Ronald P. Gamble may have use of the 1316 Henry Clay Ave., property * * * * etc. * *. There is no evidence as to what that “Letter of Intent” may contain. We notice that there is an ante-nuptial contract between the parties the contents of which are unknown. With these deficiencies in mind, we are compelled to consider Mrs. Gamble’s allegations in her reconventional demand which seem to raise an issue of fraud or estoppel:
“At all times pertinent hereto, plaintiff in reconvention was a layman and the judicially separated wife of defendant in reconvention, the latter being an experienced and practicing attorney at law, and the latter having induced the plaintiff in reconvention to enter into the contract sued upon herein.”
* * * * * #
While these allegations are vague, nevertheless this is a summary judgment proceeding and we must take notice of our remarks in the case of Sarpy v. Sarpy, 354 So.2d 572 (La.App. 4th Cir. 1977), which involved the legality of a donation made by an attorney to his wife. We said at p. 575:
“[7] This appeal is from a summary judgment. Whether or not Mr. Sarpy *853 should be equitably estopped from asserting the nullity of the donations depends upon unresolved issues of material fact, and Mrs. Sarpy should be allowed an opportunity to prove, at the trial on the merits, the facts necessary to provide a basis for estoppel. We do not attempt to speculate on what facts will support an estoppel, because such a decision always depends upon the facts and circumstances of the particular case. Noting that some facts in the record suggest a basis for applying the doctrine of estoppel, we simply hold that summary judgment is not now appropriate.
For these reasons, as well as those stated in our original opinion:
1. We affirm the judgment appealed only insofar as it may declare the property susceptible of partition by licitation;
2. We set aside the balance of the summary judgment and remand the case for further proceedings.

AFFIRMED IN PART, SET ASIDE IN PART.